**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| BARBARA BIERNACKI, Individually and as Personal Representative of the Estate of Leslie Biernacki, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO.: 2:08-CV-288-TS |
| STATE FARM FIRE AND CASUALTY COMPANY and MICK GAPEN, | ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss a Party Pursuant to Rule 21 of the Federal Rules of Civil Procedure [DE 11], filed by the Defendants on November 11, 2008. The Defendants also filed a Brief in Support [DE 12]; the Plaintiffs, however, have not filed a response or otherwise opposed the Defendants' Motion.

On September 3, 2008, the Plaintiffs filed their Complaint for Damages and Jury Demand [DE 1] in the Lake Superior Court, naming State Farm Fire and Casualty Company and Mick Gapen as Defendants. On October 3, the Defendants removed the case to this Court, premising subject-matter jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332. In their Notice of Removal, the Defendants allege that there is a reasonable probability that more than $75,000 is in controversy, that the Plaintiff is a citizen of Indiana, that Defendant State Farm is a citizen of Illinois, and that Defendant Mick Gapen is a citizen of Indiana. The Defendants thus concede that complete diversity is lacking, but the Defendants argue that Defendant Gapen was fraudulently joined as a Defendant in this action and request that Defendant Gapen be dropped from the case. As noted above, the Plaintiffs have not responded to or otherwise opposed the

Defendants' Motion. The Plaintiffs have also not filed a motion to remand this case to state court. The Court notes, however, that the copy of the Complaint filed in this Court is an incomplete copy, and thus the Court can only review a portion of the Complaint.

Federal courts "are courts of limited jurisdiction and may only exercise jurisdiction where it is specifically authorized by federal statute." *Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008). Because this Court's subject-matter jurisdiction is premised upon diversity jurisdiction pursuant to 28 U.S.C. § 1332, the Court can hear this case only if there was complete diversity among the parties at the time the case was filed in the Lake Superior Court and at the time of removal, and if the amount in controversy exceeded $75,000. *See Tropp v. Western-Southern Life Ins. Co.,* 381 F.3d 591, 595 (7th Cir. 2004). Under the rule of complete diversity, no plaintiff may be a citizen of the same state as any defendant. *McCready v. eBay, Inc.,* 453 F.3d 882, 891 (7th Cir. 2006). Generally, the party seeking a federal forum has the burden of establishing that jurisdiction in federal court is appropriate. *Wellness Cmty.-Nat'l v. Wellness House,* 70 F.3d 46, 49 (7th Cir. 1995). A defendant who seeks to remove an action to federal court has the burden of establishing that the complete diversity requirement was met. *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 540 (7th Cir. 2006); *Meyerson v. Showboat Marina Casino P'ship,* 312 F.3d 318, 321 (7th Cir. 2002). Furthermore, the standard applied to a removing defendant is more exacting than the standard applied to a plaintiff asserting diversity jurisdiction in the initial pleadings. *Van Swol v. ISG Burns Harbor, LLC,* 491 F. Supp. 2d 807, 810 (N.D. Ind. 2007) (citing *Pratt, Bradford & Tobin, P.C. v. Norfolk & Western Ry. Co.,* 885 F. Supp. 1126, 1130 (S.D. Ill. 1994)). Furthermore, district courts are to "interpret the removal statute narrowly," and any doubts regarding jurisdiction should be resolved in favor of remand to

2

state court. *Doe v. Allied-Signal, Inc.* 985 F.2d 908, 911 (7th Cir. 1993); *Van Swol*, 491 F. Supp. 2d at 810–11 (citing *Bush v. Roadway Express, Inc.,* 152 F. Supp. 2d 1123, 1125 (S.D. Ind. 2001); *Tom's Quality Millwork, Inc. v. Delle Vedove USA, Inc.,* 10 F. Supp. 2d 1042, 1044 (E.D. Wis. 1998)).

Because the Plaintiffs and Defendant Gapen are citizens of Indiana, complete diversity does not exist, and this Court does not have diversity jurisdiction over the matter, unless the Plaintiffs fraudulently joined Defendant Gapen for the purpose of destroying diversity. *See Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir. 1993) (holding that in determining whether there is diversity of citizenship, parties fraudulently joined are disregarded). Thus, the Defendants' claim that this Court has subject-matter jurisdiction over this case turns on the question whether the non-diverse Defendant (Mick Gapen) was fraudulently joined.

A defendant seeking removal bears a "heavy burden to establish fraudulent joinder." *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992). Fraudulent joinder may be found "'either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts.'" *Hoosier Energy Rural Elec. Co-op, Inc. v. Amoco Tax Leasing IV Corp.,* 34 F.3d 1310, 1315 (7th Cir. 1994) (quoting *Gottlieb,* 990 F.2d at 327).

In their Brief in Support, the Defendants discuss various claims alleged against Defendant State Farm, indicate that there are allegations in the Complaint against Defendant Gapen, and state that the only claim directly asserted against Defendant Gapen is the agency misrepresentation claim. However, because the parties have not filed a complete copy of the Complaint with the Court, the Defendants' Motion to Dismiss a Party Pursuant to Rule 21 of the

Federal Rules of Civil Procedure [DE 11] is premature and will be denied as such but without prejudice. Nevertheless, because the Court has a duty to address its subject-matter jurisdiction over this case before it can proceed, *McCready v. White*, 417 F.3d 700, 703 (7th Cir. 2005) (stating that "[e]nsuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit"), it is incumbent upon the parties forthwith to address this Court's subject-matter jurisdiction through appropriate motions and briefing.

## CONCLUSION

The Court now DENIES the Defendants' Motion to Dismiss a Party Pursuant to Rule 21 of the Federal Rules of Civil Procedure [DE 11] without prejudice and ORDERS the parties to file a complete copy of the Plaintiffs' Complaint for Damages and Jury Demand on or before December 19, 2008. The Court also ORDERS the Defendants to file an Amended Answer that complies with Local Rule 10.1 of the Northern District of Indiana on or before December 31. The parties are further ORDERED to file any motion to remand to state court, any renewed motion to dismiss a party pursuant to Federal Rule of Civil Procedure 21, or any other motion relative to this Court's subject-matter jurisdiction, on or before December 31, 2008. Briefing on any such motions shall proceed according to Local Rule 7.1

SO ORDERED on December 12, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION