UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| BARBARA BIERNACKI, Individually and as Personal Representative of the Estate of Leslie Biernacki, | ) ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO.: 2:08-CV-288-TS |
| STATE FARM FIRE AND CASUALTY COMPANY and MICK GAPEN, | ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Renewed Motion to Dismiss a Party Pursuant to Rule 21 of the Federal Rules of Civil Procedure [DE 18], filed by the Defendants on December 23, 2008, and on a Motion to Remand [DE 20], filed by the Plaintiffs on December 31.

**BACKGROUND**

On September 3, 2008, the Plaintiffs filed their Complaint for Damages and Jury Demand [DE 1] in the Lake Superior Court. According to the Complaint, on September 3, 3007, the Plaintiffs' residence was severely damaged by fire, and they seek damages from Defendant State Farm, the insurer of their residence, and Defendant Mick Gapen, their insurance agent. In their Complaint, the Plaintiffs allege the following claims: breach of contract; failure to maintain good faith; bad faith; negligent and intentional infliction of emotional distress; and agency misrepresentation. From a facial review of the various counts in the Complaint, it appears that the breach of contract, the failure to maintain good faith, the bad faith, and the negligent and

intentional infliction of emotional distress claims are asserted only against Defendant State Farm, and that the agency misrepresentation claim is asserted only against Defendant Gapen.

On October 3, the Defendants removed the case to this Court, premising subject-matter jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332. In their Notice of Removal, the Defendants allege that there is a reasonable probability that more than $75,000 is in controversy, that the Plaintiff is a citizen of Indiana, that Defendant State Farm is a citizen of Illinois, and that Defendant Mick Gapen is a citizen of Indiana. The Defendants thus concede that complete diversity is lacking, but the Defendants argue that Defendant Gapen was fraudulently joined as a Defendant in this action and request that Defendant Gapen be dropped from the case.

On November 7, Defendant State Farm filed an Answer [DE 10]. Also on November 7, the Defendants filed a Motion to Dismiss a Party Pursuant to Rule 21 of the Federal Rules of Civil Procedure [DE 11] and a Brief in Support [DE 12]. The Plaintiffs failed to respond to or otherwise oppose the Defendants' Motion within the requisite time period. The Plaintiffs also did not file a motion to remand this case to state court. Because the copy of the Complaint filed in the record was an incomplete copy that prevented the Court from reviewing relevant portions of the Complaint, the Defendants' Motion to Dismiss was found to be premature, and the Court denied the Motion without prejudice. The Court observed that it has a duty to address its subject-matter jurisdiction over this case before it can proceed, *McCready v. White*, 417 F.3d 700, 703 (7th Cir. 2005) (stating that "[e]nsuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit"). It is also important to note that "limits on subject-matter jurisdiction are not waivable or forfeitable" and that "federal courts are required to police their jurisdiction."

*Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006). Thus, the Court directed the parties to file, as appropriate and by a date certain, any motion to remand to state court, any renewed motion to dismiss a party pursuant to Federal Rule of Civil Procedure 21, or any other motion relative to this Court's subject-matter jurisdiction, so that the issue of the Court's subject-matter jurisdiction would be adequately addressed by the parties and ready for ruling by the Court.[1]

On December 23, the Defendants filed a Renewed Motion to Dismiss a Party Pursuant to Rule 21 of the Federal Rules of Civil Procedure [DE 18] and a Brief in Support [DE 19]. On December 31, the Plaintiffs filed a Motion to Remand [DE 20]. On January 7, 2009, the Plaintiffs filed a Response [DE 22] to the Defendants' Renewed Motion. On January 14, the Defendants filed a Response to the Plaintiffs' Motion to Remand and Reply in support of their Motion to Dismiss [DE 25].

**DISCUSSION**

The issues presented by the parties in their pending Motions boil down to a relatively straightforward question: Did the Plaintiffs fraudulently join Defendant Gapen to their state court civil lawsuit to defeat federal court diversity jurisdiction? The Defendants request that Defendant Gapen be dismissed from the case because, in their view, the Plaintiffs' allegations against him do not have any possibility of success, and that the Court retain jurisdiction over this case. The

---

[1] The federal removal statute provides that "[a] motion to remand the case *on the basis of any defect other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (emphasis added). The statute also provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

3

Plaintiffs request that the Court remand this case to state court because complete diversity does not exist between the parties and because the Plaintiffs have asserted a legitimate claim against Defendant Gapen (namely, intentional misrepresentations and material omissions that amount to actual and constructive fraud). The Plaintiffs also request attorney fees and costs related to the removal of this case.

Federal courts "are courts of limited jurisdiction and may only exercise jurisdiction where it is specifically authorized by federal statute." *Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008). Because the Defendants premise this Court's subject-matter jurisdiction upon diversity jurisdiction pursuant to 28 U.S.C. § 1332, the Court can hear this case only if there was complete diversity among the parties at the time the case was filed in the Lake Superior Court and at the time of removal, and if the amount in controversy exceeded $75,000. *See Tropp v. Western-Southern Life Ins. Co.,* 381 F.3d 591, 595 (7th Cir. 2004). Under the rule of complete diversity, no plaintiff may be a citizen of the same state as any defendant. *McCready v. eBay, Inc.,* 453 F.3d 882, 891 (7th Cir. 2006).

Generally, the party seeking a federal forum has the burden of establishing that jurisdiction in federal court is appropriate. *Wellness Cmty.-Nat'l v. Wellness House,* 70 F.3d 46, 49 (7th Cir. 1995). A defendant who seeks to remove an action to federal court has the burden of establishing that the complete diversity requirement was met. *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 540 (7th Cir. 2006); *Meyerson v. Showboat Marina Casino P'ship,* 312 F.3d 318, 321 (7th Cir. 2002). Furthermore, the standard applied to a removing defendant is more exacting than the standard applied to a plaintiff asserting diversity jurisdiction in the initial pleadings. *Van Swol v. ISG Burns Harbor, LLC,* 491 F. Supp. 2d 807, 810 (N.D. Ind. 2007)

(citing *Pratt, Bradford & Tobin, P.C. v. Norfolk & Western Ry. Co.,* 885 F. Supp. 1126, 1130 (S.D. Ill. 1994)). For these reasons, district courts are to "interpret the removal statute narrowly," and any doubts regarding jurisdiction should be resolved in favor of remand to state court. *Doe v. Allied-Signal, Inc.* 985 F.2d 908, 911 (7th Cir. 1993); *Van Swol*, 491 F. Supp. 2d at 810–11 (citing *Bush v. Roadway Express, Inc.,* 152 F. Supp. 2d 1123, 1125 (S.D. Ind. 2001); *Tom's Quality Millwork, Inc. v. Delle Vedove USA, Inc.,* 10 F. Supp. 2d 1042, 1044 (E.D. Wis. 1998)).

Because the Plaintiffs and Defendant Gapen are citizens of Indiana, complete diversity does not exist, and this Court does not have diversity jurisdiction over the matter, unless the Plaintiffs fraudulently joined Defendant Gapen for the purpose of destroying diversity. *See Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir. 1993) (holding that in determining whether there is diversity of citizenship, parties fraudulently joined are disregarded). Thus, the issue regarding whether this Court has subject-matter jurisdiction over this case turns on the question whether the non-diverse Defendant (Mick Gapen) was fraudulently joined.

A defendant seeking removal bears a "heavy burden to establish fraudulent joinder." *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992). Fraudulent joinder may be found "'either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts.'" *Hoosier Energy Rural Elec. Co-op, Inc. v. Amoco Tax Leasing IV Corp.,* 34 F.3d 1310, 1315 (7th Cir. 1994) (quoting *Gottlieb,* 990 F.2d at 327). The Defendants make it clear that they have not sought dismissal of Defendant Gapen on the ground that the Plaintiffs' pleading of jurisdictional facts has been outright fraud; instead, they argue that there exists no reasonable possibility that a state court would rule against Defendant Gapen.

5

A plaintiff is the master of his complaint, *Garbie v. DaimlerChrysler Corp.,* 211 F.3d 407, 410 (7th Cir. 2000), and in this case, the Plaintiffs have asserted a claim of agency misrepresentation against Defendant Gapen. (Compl. ¶¶ 24–31.) As to their agency/intentional misrepresentation claim,[2] the Plaintiffs allege that they were damaged by the following actions of Defendant Gapen, their insurance agent: he intentionally misrepresented Defendant State Farm to them as the same insurance company they had since they initially obtained insurance with the agent; he failed to inform the Plaintiffs that they had the right to change insurance at any time for any reason, further misleading them into the policy that severely damaged them; he misled the Plaintiffs by influencing them to use the third parties' insurance instead of Defendant State Farm, even though the State Farm policy paid replacement cost while the third-party insurance paid only depreciated value; and after the loss, he represented to the Plaintiffs that Defendant State Farm would not match the siding, but instead would only replace the severely damaged or burned siding, and would only pay for the burned and melted shingles. (Compl. ¶¶ 25–30.)

In arguing that the Plaintiffs have no reasonable possibility of stating a cause of action against Defendant Gapen in state court, the Defendants rely upon *Schwartz v. State Farm Mutual Automobile Insurance Company*, 174 F.3d 875 (7th Cir. 1999), for the proposition that an

---

[2] In their Motion to Remand and Response, the Plaintiffs in discussing the agency/intentional misrepresentation count urge that Defendant Gapen made intentional misrepresentations and material omissions. In further discussing this count, the Plaintiffs also mention actual and constructive fraud and intentional interference with a contractual relation, although both the Federal Rules of Civil Procedure and the Indiana Rules of Trial Procedure require fraud to be alleged with particularity or specificity. *See* Fed. R. Civ. P. 9(b) & Ind. R. Trial R. 9(B). The Plaintiffs also seem to think that Defendant Gapen had some part in causing Leslie Biernacki extreme and undue stress, although the negligent and intentional infliction of emotional distress count in the Complaint appears to be directed at Defendant State Farm only, and not Defendant Gapen. Based upon the Plaintiffs' Complaint and submissions, the contours of the Plaintiffs' agency/intentional misrepresentation count are unclear, but the Court need not definitively determine the Plaintiffs' theory or theories or whether their Complaint adequately states a claim for relief for fraud. What the Court must determine is whether (with all issues of fact and law resolved in the Plaintiffs' favor) the Defendants have established that the Plaintiffs fraudulently joined Defendant Gapen and cannot establish a cause of action against him. *See Poulus*, 959 F.2d at 73.

insurance agent has no individual liability for an insurer's bad faith denial of an insurance claim. In that case, the plaintiffs alleged that the insurer's agent denied their insurance claim in bad faith. The situation in *Schwartz* is distinct from the situation in this case—the Plaintiffs have not claimed that Defendant Gapen acted in bad faith; instead, they claim that he made misrepresentations. The Defendants argue that the alleged misrepresentations by the agent were all made after the fire and relate to Defendant State Farm's adjusting of the Plaintiffs' fire claim. However, the Plaintiffs' claim that Defendant Gapen misrepresented to the Plaintiffs their ability to change insurance companies involves allegations of misrepresentations before the fire that do not relate specifically to Defendant State Farm's adjusting of their fire claim. Furthermore, the Defendants have not shown that intentional misrepresentation is not a viable claim by insureds against insurance agents under Indiana law. Additionally, although the parties did not discuss any of the following cases in their submissions, there are published Indiana appellate decisions in cases in which insureds asserted claims against insurance agents. *See, e.g., Filip v. Block*, 879 N.E.2d 1076 (Ind. 2008); *Page v. Hines*, 594 N.E.2d 485 (Ind. Ct. App. 1992).

Considering the relevant standards and the heavy burden the Defendants bear to establish fraudulent joinder, the Court finds that the Defendants have not shown that there is no possibility that the Plaintiffs can state a cause of action against the nondiverse Defendant (Mick Gapen) in state court. As a consequence, complete diversity is lacking, and the Court does not have subject-matter jurisdiction over this case. The Court will, therefore, deny the Defendants' Renewed Motion to Dismiss a Party Pursuant to Rule 21 of the Federal Rules of Civil Procedure, grant in part the Plaintiffs' Motion to Remand, and remand this case to the Lake Superior Court.

The Court will, however, deny the Plaintiffs' Motion to Remand as to their request for attorney fees and costs. Federal law authorizes that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The standard for awarding fees turns on the reasonableness of the removal. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). The Supreme Court provided the following instruction regarding this application of the standard:

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.* (citations omitted).

As indicated above, the Court has determined that this case should be remanded to the Lake Superior Court. The Court, based upon its review of the Complaint and the materials submitted by both parties, has found that the Defendants failed both to establish fraudulent joinder and to demonstrate this Court subject-matter jurisdiction over this case. Although the Defendants have caused a delay in the resolution of this case, have imposed additional costs on both parties, and have consumed judicial resources, the Court believes that an objectively reasonable basis for seeking removal was not entirely lacking at the time the Defendants filed their Notice of Removal. There is Seventh Circuit precedent that an insurer's agent is not individually liable for an insurer's bad faith denial of an insurance claim, even though that case is distinguishable from the present case. Therefore, the Court finds that the Defendants' conduct

8

in seeking removal was not unreasonable such that the Plaintiffs should be awarded fees. Additionally, the Plaintiffs failed to respond to the Defendants' original Motion to Dismiss and failed to file a motion for remand until after the Court ordered the parties to file appropriate motions and other materials addressing the Court's subject-matter jurisdiction. Accordingly, the Court will deny the Plaintiffs' request for fees pursuant to 28 U.S.C. § 1447(c).

## CONCLUSION

The Court now DENIES the Defendants' Renewed Motion to Dismiss a Party Pursuant to Rule 21 of the Federal Rules of Civil Procedure [DE 18], GRANTS the Plaintiffs' Motion to Remand [DE 20] as to their request for remand, but DENIES the Plaintiffs' Motion as to their request for attorney fees and costs. The Court ORDERS the Clerk of this Court to REMAND this matter to the Lake Superior Court.

SO ORDERED on February 6, 2009.

                                                s/ Theresa L. Springmann
                                                THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT
                                                FORT WAYNE DIVISION